Laubie, J.
This was an action for causing wrongful death, brought for the benefit of the next of kin. It appears from the record that a third amended petition was filed, and a demurrer to it sustained, whereupon leave was given to amend by inserting certain words to the effect that the decedent was lawfully traveling upon the highway at the time in question. The defendant again demurred to the third amended petition “and the amendment thereto,” and by its counsel now claims that because the record shows the cause came on for “ farther hearing upon the demurrer to the third amended petition,” no disposition was made of the demurrer to the third amended petition as amended. But this criticism of the journal entry is of no moment, for the words “ and the amendment there *521 to,” inserted in the demurrer, are surplusage, as the words inserted in the third amended petition by way of amendment became a part of the petition, as much so as if written in there originally; and as there was no other demurrer of defendant on file undisposed of by action of the court, it is evident that it was the demurrer to the third amended petition as amended that was sustained by the court, and as to which error is assigned.
The record discloses that the defendant waived this demurrer by answering over ; but the court below, disregarding this fact, went back and held that the petition as finally amended did not state facts sufficient to constitute a cause of action. This action of the court can be sustained only upon the theory that tbe petition as amended was fatally deficient in its averments, or that it did not show any injury or damage to the plaintiff.
The second assignment of error — the dismissal of the petition, etc., — brings the whole record before us, so that in any aspect of the case the question is as to the sufficiency of the petition as finally amended.
As we understand it, the court below acted upon the assumption that the cause of action abated by reason of the death of the plaintiff’s intestate, Annie Laurie Burns, upon the authority of Cardington v. Fredericks, 46 Ohio St. 442, the syllabus of which had just been published, and which, upon a casual examination was supposed to control the case at bar. An examination of the text of that decision shows the contrary, we think, very clearly. That was an action against a village for damages for inj ury to the person of the plaintiff, pending which the plaintiff died; and it was held that by her death the action abated. It was not, at least originally, a case like this, for causing wrongful death, for which the statute, sec. 6134, provides a remedy. Had it been such a case as this, looking to the language of the opinion now published, the Supreme Court would not have held as it did, as this is a cause of action not known to the common law, but created by statute, and wherein to hold that it abates by the death of the party *522 would make the statute nugatory, — would repeal it by judicial interpretation.
J. M. Bushfield, for plaintiff in error.
Mathews & Heade, and Taylor & Scott, contra.
As to the sufficiency of the averments of the petition, we see nothing that is wanting, and it therefore follows that the court below erred. The court should have proceeded to determine the issue of law upon the demurrer to the answer. The statement in the entry, to which counsel attach some importance, that the plaintiff did not desire leave to further plead, has direct reference to pleading by way of petition, and does not refer to the matter of replying to the answer. It is, in fact, doubtful whether the answer calls for a reply. The answer seems to contain nothing but general and special denials. It is suggested that it pleads in one defense contributory negligence; but as the petition alleges that the plaintiff’s intestate was without fault, the averment in the answer that she was guilty of contributory negligence is, perhaps, nothing more than a special denial of. that averment, which would not, necessarily, call for a reply.
Judgment reversed and cause remanded for further proceedings.